MICHAEL J. HEYMAN
Assistant United States Attorney

THOMAS C. BRADLEY
First Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>KASSIAN WILLIAM FREDERICKS,<br><br>                Defendant. | No. 3:25-cr-00078-ACP-KFR |

**PRE-TRIAL DIVERSION AGREEMENT**

**This document in its entirety contains the terms of the agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. INTRODUCTION

I, KASSIAN WILLIAM FREDERICK, the defendant, have discussed this Pre-Trial Diversion Agreement with my attorney and agree that this document contains all of the agreements made between me and the United States regarding my decision and participation in Pre- Trial Diversion, as described herein. The United States has not made me any other promises and I enter into this agreement voluntarily.

I understand and agree that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. I understand that the United States, in its sole discretion, will determine whether I have breached this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may proceed with prosecution, including filing new or additional criminal charges.

## II. CHARGES AND FACTUAL BASIS

### A. Charge

1. **The defendant is charged by Indictment with the following crime:**

   **Count 1:** Interference with Flight Crew Members and Attendants, in violation of 49 USC § 46504

### B. Elements

The elements of the charges contained in the Indictment are as follows:

   **Count 1:** Interference with Flight Crew Members and Attendants, in violation of 49 USC § 46504

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR        Page 2 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 2 of 11

1. The defendant was on an aircraft in the special aircraft jurisdiction of the United States;

2. The defendant assaulted or intimidated a flight attendant or flight crew member; and

3. In doing so, the defendant interfered with the performance of the duties of the flight crew member or flight attendant or lessened the ability of the flight crew member or flight attendant to perform those duties.

C. **Stipulated Factual Basis**

I admit to the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that, in the event that the defendant breaches this agreement, this statement will be admissible against the defendant at any hearing or trial:

On December 10, 2025, Alaska Airlines flight 87, registered aircraft number N612AS, departed from Deadhorse, Alaska, and was scheduled to arrive in Anchorage at approximately 8:24 p.m. that same day. Flight attendants heard the Defendant demanding "two vodka shots." Defendant later said "The wings have disappeared. We're all going to die."

Later in the flight, Defendant was observed aggressively trying to open the rear cabin door. A passenger ran over to Defendant, who already had the arm of the cabin door moved upward and grabbed him trying to stop him. The passenger turned around and yelled to some other male passengers at the back of the plane to come and help him. Two

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR      Page 3 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 3 of 11

other male passengers got up to help. Defendant kept trying to get up. Defendant verbally said repeatedly during this time, "I need to call my mom." Defendant then said that he thought he was overdosing. Defendant asked "how do I break the window? I don't know how to break it." When the passenger. asked him why he was trying to open the cabin door, Defendant stated "I need air and to get out of here."

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charge contained in the Indictment, based on the facts to which the defendant had admitted above, are as follows:

> **Count 1**: Interference with Flight Crew Members and Attendants, in violation of 49 USC § 46504
>
> a) Imprisonment for up to 20 years;
>
> b) A fine of up to $250,000;
>
> c) Supervised release for up to 3 years; and
>
> d) A $100 special assessment.

## III. WAIVER OF RIGHTS

I waive the following rights, which I have discussed with my attorney, who has answered any questions I have about the significance of these waivers.

### A. Speedy Trial Waiver

I understand that I have the right to a speedy and public trial under the Sixth Amendment to the United States Constitution and the Speedy Trial Act. Under the Speedy Trial Act, a trial must commence within 70 days after the later of (1) the date of the

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR         Page 4 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 4 of 11

indictment or (2) the date of my initial appearance on the charges. However, I agree to and consent that any delay from the date of this Agreement to the date of reinstatement of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement. I understand that the purpose of any delay is to allow me to demonstrate my good conduct, which time is excludable from a Speedy Trial Act calculation pursuant to Title 18, United States Code § 3161(h)(2).

**B.      Waiver of Fed. R. Evid. 410 and Fed. R. Crim. P. 11(f)**

I understand and agree that the Stipulated Factual Basis contained above in Section II.C. of this agreement shall be treated as my admission of facts and that the United States may use these factual admissions against me in any future court proceeding, trial, or sentencing. I understand that, ordinarily, statements made in the course of plea discussions, including oral and written statements, may not be used against a defendant during a later criminal case. I agree to waive these rights, and I agree that the Stipulated Factual Basis section of this agreement shall be admissible as evidence against me in any future court proceeding. This provision acts as a modification, and express waiver, of my rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR         Page 5 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 5 of 11

## IV. TERMS OF PRETRIAL DIVERSION

### A. Conditions

The defendant agrees to abide by all of the following conditions during the period of pretrial diversion:

1. The defendant will obey all federal, state, and local laws
2. The defendant will submit to monitoring by U.S. Probation and Pretrial Services
3. The defendant will abstain from the use of illegal drugs, including unauthorized use of prescription medication and marijuana
4. The defendant will not consume or possess alcoholic beverages, nor go to any place where they are the chief item of sale.
5. The defendant will obey all other conditions of release set by the Court.

In addition, the defendant will complete the following:

1. The defendant will obtain an alcohol and substance abuse assessment, as approved by U.S. Probation and Pretrial Services, and participate in any recommended outpatient treatment.

The defendant understands that if he fails to satisfy the obligations above, he will not have satisfied his pretrial diversion obligation. The defendant expressly acknowledges that he will be strictly liable for any such failure, even if he attempted to comply in good faith, and that the government will not be required to show willfulness, culpability, or bad faith.

### B. Length of Pretrial Diversion

The defendant agrees to be subject to the conditions described above for a period of 12 months. The parties request that a hearing be scheduled at the expiration of this period so that appropriate proceedings can be scheduled. The defendant may end participation at any time by written notice to the Court, at which time the United States may proceed with

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR     Page 6 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 6 of 11

prosecution of the currently filed charge and/or any other criminal charges. The defendant acknowledges that the government will have sole discretion to determine that he has successfully completed pretrial diversion before the end of the agreed-upon period of supervision described above. While the determination that the defendant violated this Agreement cannot be challenged in Court, the United States will consult with the U.S. Pretrial Services Office and act in good faith in determining whether the defendant has violated this agreement.

The term of pretrial diversion may be extended only by the joint agreement of the parties, with written notice to be provided to the Court.

### C. Assessment of Success

Following the expiration of the term of supervision, the parties will present to the Court their positions on whether the defendant has successfully completed pretrial diversion or not. In the event of a dispute, it will be the government's burden to demonstrate lack of compliance by a preponderance of the evidence.

If the Court determines that the defendant has successfully completed the terms described above, the United States will move to dismiss the criminal charge identified in this agreement that has been filed against the defendant, and the defendant will be released from supervision.

If the Court determines that the defendant has not successfully completed the terms of pretrial diversion, the United States may proceed with prosecution of the currently filed charge and/or any other criminal charges.

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR      Page 7 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 7 of 11

### D. Violation Prior to Expiration

If the United States believes that the defendant has violated the terms of pretrial diversion prior to the expiration of the period of supervision, it will notify the Court, which will promptly set a hearing. At that hearing, it will be the burden of the United States to demonstrate the violation by preponderance of the evidence. If the Court concludes that a violation has occurred, the United States may proceed with prosecution of the currently filed charge and/or any other criminal charges.

### E. Release and Detention

The defendant will be released, subject to conditions to be determined by the Court. The defendant acknowledges that violating these conditions—including any modifications that the Court might impose—will violate the terms of pretrial diversion. In addition to the other consequences of such a violation described above, the defendant acknowledges that a violation of conditions of release may result in ~~her~~ his detention.

The defendant acknowledges that even if he successfully completes the period of pretrial diversion, any release order will remain in effect until the defendant is discharged by the Court.

## V. The Parties' Acceptance of this Agreement

I, KASSIAN WILLIAM FREDERICKS, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my participation in this pretrial diversion agreement. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter into this agreement. If

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR    Page 8 of 11
Case 3:25-cr-00078-ACP-KFR    Document 22    Filed 03/05/26    Page 8 of 11

there are any additional promises, assurances, or agreements, the United States and I will jointly inform the Court in writing at the time this agreement is presented to the Court.

I understand the conditions of my pretrial diversion, and I voluntarily agree to abide by them. I understand that this agreement requires me to complete certain obligations. I understand that it is my sole responsibility to complete them within the period of pretrial diversion I have agreed to. I understand that I will be deemed to have failed in this obligation if I am unsuccessful for any reason, even if I have tried my best to achieve them or have been prevented by circumstances outside of my control through no fault of my own.

I enter into this agreement voluntarily, with the intent to be bound, and with a full understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures in this agreement will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this pretrial diversion agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my

*U.S. v. Evan*
No. 3:24-cr-00128-TMB-KFR  Page 9 of 11
Case 3:25-cr-00078-ACP-KFR   Document 22   Filed 03/05/26   Page 9 of 11

permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court. My attorney and I have discussed all possible defenses to the charges contained in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence.

DATED: 2-27-26

_____
KASSIAN WILLIAM FREDERICKS,
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this pretrial agreement with the defendant, have fully explained the charge which the defendant is charged with, the necessary elements thereto, all possible defenses, and the consequences of entering into this agreement. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement. I know of no reason to question the defendant's competence to make these decisions.

DATED: 27 FEB 26

_____
JANE M. IMHOLTE
Assistant Federal Defender, Attorney for
KASSIAN WILLIAM FREDERICKS

On behalf of the United States, I accept the defendant's offer to submit to pretrial diversion under the terms of this plea agreement.

DATED: 3/5/2026

MICHAEL J. HEYMAN
First Assistant United States Attorney

/s/
THOMAS C. BRADLEY
First Assistant United States Attorney
United States of America